IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER LEE SIRMONS,   :
    Petitioner,   :
       :   No. 1:17-CV-01776
    v.   :
       :   (Judge Kane)
PA ATTORNEY GENERAL,   :
    Respondent   :

**MEMORANDUM**

On October 2, 2017, the Court received and filed a petition for a writ of habeas corpus (Doc. No. 1), submitted pursuant to 28 U.S.C. § 2254 by pro se Petitioner Christopher Lee Sirmons, an individual currently incarcerated at the State Correctional Institution Greene, located in Waynesburg, Pennsylvania. The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. For the following reasons, the petition will be denied without prejudice.

**I.    BACKGROUND**

On November 6, 2015, following a jury trial, a jury found Sirmons guilty of two counts of aggravated assault and two counts of simple assault. Commonwealth v. Sirmons, CP-14-CR-1770-2014.[1] On December 17, 2015, Sirmons was sentenced to consecutive terms of two to four years' imprisonment for each aggravated assault conviction, consecutive to the sentence Sirmons was already serving. Commonwealth v. Sirmons, CP-14-CR-1770-2014. Sirmons filed a post-sentence motion on December 18, 2015, challenging the Court of Common Pleas' refusal to

---

[1] In addition to the petition, the Court utilized the Unified Judicial System of Pennsylvania Web Portal to review the docket of the criminal case filed against Sirmons in the Court of Common Pleas of Centre County. (https://ujsporta.pacourts.us/DocketSheets/CP.aspx) (last accessed Nov. 20, 2017). A district court may take judicial notice of state court records, as well as its own. Minney v. Winstead, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988)

issue a proposed point for charge.  Id.  Following a hearing on February 8, 2016, the Court of Common Pleas denied the post-sentence motion.  Id.  Sirmons then filed a notice of appeal on February 10, 2016, to the Superior Court of Pennsylvania.  Id.; Commonwealth v. Sirmons, No. 261 MDA 2016 (Pa. Super. Ct.).  Sirmons raised one issue on appeal to the Superior Court: "Did the trial court erroneously refuse to give [Sirmons'] requested point for charge…."  Commonwealth v. Sirmons, No. 261 MDA 2016.  On September 9, 2016, the Superior Court affirmed the decision of the lower court.  Id.

Prior to the Superior Court's September 9, 2016 Order affirming the Court of Common Pleas, Sirmons filed a PCRA petition on August 29, 2016 with the Court of Common Pleas of Centre County.  Commonwealth v. Sirmons, CP-14-CR-1770-2014.  Sirmons was ordered to file an amended PCRA petition on January 6, 2017, and it appears that an amended PCRA petition was filed on August 14, 2017.  Id.  On September 27, 2017, a briefing order was issued by the PCRA Court.  Id.  The Court of Common Pleas of Centre County's docket sheet reveals that the PCRA petition is currently pending before the PCRA Court.

While his direct appeal and PCRA petition were pending, Sirmons filed a federal habeas petition pursuant to 28 U.S.C. § 2254 with this Court on January 27, 2016.  Sirmons v. Zaken, et al., No. 1:16-cv-141 (M.D. Pa. May 25, 2016).  This Court dismissed Sirmons' petition without prejudice for his failure to exhaust his state court remedies.  Id. at Doc. Nos. 8 and 9.  Then, on October 2, 2017, Sirmons filed another federal habeas petition pursuant to 28 U.S.C. § 2254 with this Court.  (Doc. No. 1.)  In the four grounds for relief set forth by Sirmons in his instant petition, he acknowledges that he did not appeal any of these grounds on direct appeal.  (Id. at 11.)  Sirmons also acknowledges that he has a pending PCRA petition currently before the PCRA court.  (Id. at 12.)

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 224 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4 provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Based upon the petition and the state court dockets, the Court finds this petition to be unexhausted.

Before seeking federal habeas corpus relief, the provision of the federal habeas corpus statute at 28 U.S.C. § 2254(b) requires a state prisoner to exhaust available state court remedies. To comply with the exhaustion requirement, a state prisoner first must have "fairly presented" his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. See, e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996). To "fairly present" a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999).

A petitioner must invoke "one complete round" of the applicable state's appellate review process, thereby giving the courts of that state "one full opportunity" to resolve any issues relevant to such claims. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court and highest court before exhaustion would be considered satisfied). The exhaustion doctrine is rooted in the tradition of comity, and the state must be given the "initial opportunity to pass upon and correct alleged violations of its prisoners' [constitutional]

rights." Alston v. Diguglielmo, No. 07-CV-2618, 2009 WL 2096214 (E.D. Pa. July 14, 2009) (quoting case omitted). The petitioner has the burden of establishing that exhaustion has been satisfied. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).

It is apparent from the face of Sirmons' petition that he has not exhausted his state-court remedies. As is evident from the petition and the dockets of the Court of Common Pleas of Centre County, Sirmons' PCRA petition is presently pending before the PCRA Court. See Commonwealth v. Sirmons, CP-14-CR-1770-2014. Thus, this Court must allow for state proceedings to conclude before entertaining Sirmons' habeas petition.[2]

Because Sirmons' PCRA petition remains pending, a subsequent filing will not be barred by the one-year statute of limitations. Under 28 U.S.C. § 244(d)(1), a state defendant has one year to file a § 2254 petition. For our purposes, that period starts to run from the date the conviction becomes final, defined in § 2241(d)(1)(A) as "the date on which the judgment became final by the conclusion of a direct review or the expiration of the time for seeking such review." The limitations period is also tolled for the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Given the current status of his state proceedings, even on the strictest calculation of the limitations period, Sirmons has time to return to federal court after exhausting his state court remedies. Accordingly, the Court will dismiss the petition without prejudice to Sirmons' right to

---

[2] The Court recognizes that the exhaustion requirement may be excused where the opportunity to obtain relief in state courts was lacking or if the corrective process was so clearly deficient as to render futile any effort to obtain relief. See Duckworth v. Serrano, 454 U.S. 1 (1981); Kozak v. Pa., No. 3:12-cv-1153, 2012 WL 4895519 (M.D. Pa. Oct. 15, 2012). These extraordinary circumstances are not present here. Sirmons has neither alleged nor shown any deficiency or irregularity in the state corrective process or other justification sufficient to warrant exemption from the exhaustion rule.

refile promptly at the conclusion of his state court proceedings.  See Myers v. Warden of SCI-Albion, No. 4:08-cv-100, 2010 WL 1838178, at *5 (M.D. Pa. May 6, 2010) (dismissing habeas petition without prejudice to allow the state proceedings to conclude before entertaining the unexhausted claim in federal court).

**III.    CONCLUSION**

For the foregoing reasons, Sirmons' motion for leave to proceed in forma pauperis (Doc. No. 2), will be construed as a motion to proceed without full prepayment of fees and costs and the motion will be granted.  Sirmons' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), will be dismissed without prejudice for his failure to exhaust state court remedies.